REEL BROTHERS v. N. B. LEE AND N. W. HARDISON.

(Filed 3 October, 1923.)

**Bills and Notes — Negotiable Instruments — Endorser — Principal and Surety—Evidence—Questions for Jury.**

Where the plaintiff has paid a note he had discounted at the bank, which was made by the defendant, with his codefendant as endorser, and sues thereon: *Held*, upon the evidence in this case, it was for the jury to determine whether the one defendant was a cosurety of the other, and it was error in the Superior Court judge to sustain a motion as of nonsuit.

APPEAL by plaintiffs from *Grady, J.,* at Spring Term, 1923, of PAMLICO.

This is an action for the recovery of $454.09 and interest from the defendant Hardison and his codefendant, Lee, the latter being insolvent.

On 19 June, 1920, the defendant Hardison and the plaintiff firm endorsed the note for $1,500, due at the Bank of Pamlico 1 November, 1920. On 3 May, 1920, for the accommodation of the defendant, Lee, plaintiff Reel Brothers endorsed another note for $500, payable to the said Bank of Pamlico on 3 November, 1920. As surety for the endorsement of said note, the defendant Lee executed and endorsed to plaintiff an agricultural lien on 19 June, 1920, on 130 acres of cotton, to be raised on defendant Lee's land that year. The said lien was properly probated and recorded in Pamlico, 20 June, 1920.

Upon failure of the defendant Hardison or his codefendant Lee to pay any part of the said $1,500 note at maturity, and upon refusal of the defendant Hardison to do so, plaintiff was compelled to pay said note. Payment of the $500 note was also refused by the defendant Lee, and, upon demand of the payee, plaintiff was forced to pay said note. Lee raised during said year 75 bales of cotton, and up to 1 November had refused to turn over any of said cotton to the plaintiff upon said agricultural lien.

Upon information, plaintiff alleges that there was a conspiracy between Hardison and Lee to run off and dispose of said cotton, including the entire crop of 75 bales, and defeat plaintiff from collecting any part of the $2,000 paid to the bank by plaintiff, and also the large store account advances made by them to the defendant Lee. Upon a demand by plaintiff to the defendant Lee that he turn over to him sufficient cotton to pay the $2,000 banking debt, Lee requested to be allowed to retain a part of the cotton until he could have more cotton marked, and plaintiff accepted 16 bales, which were sold for $1,407.50, and later secured two other bales, which sold for $196; these items being credited on Lee's account. Lee thereafter refused to make any further delivery

of cotton, but turned over the same to his codefendant, Hardison. On 21 June, 1921, plaintiff procured a warrant of attachment against the cotton, broker who was holding six bales of defendant's cotton, and later, by agreement of the parties, said six bales were sold and the proceeds, $565.82, was paid into court.

At Spring Term, 1923, it appearing to the court that the $1,500 note sued on was endorsed by the defendant Hardison, as well as by the plaintiff, and that the plaintiff had accepted 16 bales of cotton from the defendant Lee, the court, at the conclusion of the evidence, sustained a motion of nonsuit as to Hardison, and further directed that the proceeds of the six bales, $565.82, which had been paid into court, should also be paid over to said Hardison. Appeal by plaintiff.

*Z. V. Rawls for plaintiffs.*
*F. C. Brinson and Moore & Dunn for defendants.*

CLARK, C. J. Upon the evidence that the defendant Hardison was endorser of the $1,500 note which had later been endorsed by the plaintiffs to the bank, and the evidence that the account in the agricultural lien, and the store account held by the plaintiff against said Lee, and the $500 note of Lee, which was also in evidence, the issue should have been submitted to the jury whether the defendant Hardison was a cosurety with Lee to the plaintiff, and the judgment of nonsuit should be
 Reversed.